(Cuyahoga County, Ohio, Court of Common Pleas).

## THE CITIZENS' SAVINGS & LOAN CO. v. CHARLES R. FRENCH, et al.

*Right of mortgagee of overdue mortgage to appointment of receiver, and to rents subsequently accruing—*
A mortgagee whose debt is due and insufficiently secured, has a right, under Sec. 5587 Rev. Stat. to file a petition to foreclose a mortgage and have a receiver appointed to collect the rents of the property, and he thereby acquires an equitable lien on the rents payable subsequent to the appointment of such receiver, superior to the right of an assignee from the mortgagor of rents payable under the lease, the assignment being made after the appointment of the receiver.

---

NOBLE, J.

In this action the Citizens' Savings & Loan Company attempt to foreclose a mortgage given it by Charles E. French upon property he

thereafter deeded to Hattie E. and Edward Kappell, they assuming the payment of the mortgage. In the proceeding Alfred Clum was appointed receiver, and authorized by the order of this court to collect the rents from the tenant then in occupation of the property in controversy; to keep the buildings insured in a reasonable sum, and certain other things in the order specified. At the time the receiver was appointed, James Moriarty was a tenant of the property under a written lease from Hattie E. Kappell. Hattie E. Kappell and her husband were living out of the city, and as notice had to be given them by publication, the receiver did not receive his appointment until the 24th day of October, 1895. About August 1st, 1895, Moriarty leased the premises for a term ending April 1, 1896, from Hattie E. Kappell, and has been in occupation of them ever since. Upon receiving his appointment as receiver, Mr. Clum notified Moriarty thereof, under the order of the court which directed the tenant in possession to pay him the rent, and Moriarty promised to pay it, and did pay him the next rent falling due about the 1st of November, 1895, and the rent also for December, 1895. After the December rent had been paid, the Woodland Avenue Savings & Loan Company made a claim for the rent of the property by virtue of a written assignment from Hattie E. Kappell, of her right to collect the rent from Moriarty during his lease. Exactly when this assignment was made does not appear; but it does appear from the evidence that it was made after the appointment of the receiver, and even if it was made prior thereto, Moriarty never had any notice of it. Moriarty having paid his rent to the receiver, the Woodland Avenue Bank sued for November and December rent before a justice of the peace, and recovered judgment. The receiver, inasmuch as the bank threatened to begin suit to recover the installments of rent as they fell due, filed a supplementary cross-petition making Moriarty and the Woodland Avenue Savings & Loan Company parties to the suit, in order that the question as to whom the rent was payable might be determined, and that the receiver should not be interfered with in the discharge of the duties under the court's order. This court granted a restraining order upon this application, and the bank now seeks to have the restraining order dissolved.

The position of things then is, first, a mortgage given by the owners of the property, the Kappells, to Charles E. French; then, the proceeding to foreclose, and the receiver appointed; then an assignment of the lease from Hattie E. Kappell to the Woodland Avenue Bank as security for the payment of a debt from the Kappells. Which has the right to the rent, the Woodland Avenue Bank under its assignment, or the receiver appointed by the court in foreclosure proceedings? It seems to the court that there can be no question upon the proposition that a mortgagee whose debt is due and unsufficiently secured, has a right, by virtue of the statute in such cases made and provided, to file a petition to foreclose his mortgage and procure a receiver; and that he thereby obtains an equitable lien on the rents due subsequent to such appointment. This is by virtue of Sec. 5587, sub-division 2, of the Rev. Stats. of Ohio. It has been repeatedly held that the receiver's right in such a case is superior to that of the mortgagor's assignee in bankruptcy. It can make no difference that James Moriarty, the lessee, and the Woodland Avenue Bank, were not original parties to the foreclosure suit. In the case of Insurance Company v. Stebbins, reported in 8 Page, (N. Y.), 565, the court held that, "If a party to a suit is in possession by his tenant, which tenant is not a party to the foreclosure suit, the tenant would be directed to attorn to the receiver and pay the rent to him instead of to the former landlord." The interest of the lessee in such a case depends for its duration, subject to the rights and limits of the terms of the lease, upon the enforcement

of the mortgage. There are a large number of cases cited in support of this doctrine; and a very elaborate brief is filed in the case. The court is constrained to believe that it is the true doctrine. The 16th Cal., 580, distinctly holds that, "The lease is subject to the mortgage, and that the lessor is subject to its provisions."

The claim of the bank is simply Mrs. Kappell's claim, and if she has no claim for rent, so far as the receiver is concerned, the bank has no claim. It is difficult for the court to see how the bank's claim can rise higher or be greater than Mrs. Kappell's claims. It would be a strange rule if the mortgagee would be obliged to follow whatever assignment might be made by the mortgagor of leases which he had made of the mortgaged property, and which assignment the law did not require recorded. He certainly could not be expected to hunt them up or follow them from hand to hand. Reasonable diligence would not call for finding out that the bank had this claim; there was no actual knowledge of it, and no record of any assignment. This being the view of the court, the motion to dissolve the injunction is overruled.

Johnson & Hackney, Attorneys for Plaintiff.

L. Rood Loomis and Alfred Clum, Attorneys for Defendants.